## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE WILLIAMS, GEORGINA GOMES, and KRISTA GILLETTE, individually and on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>     Plaintiff,<br><br>v.<br><br>MIELLE ORGANICS LLC and THE PROCTER & GAMBLE COMPANY,<br><br>     Defendants. | Case No. 1:24-cv-12763-SCS |

**DEFENDANTS MIELLE ORGANICS LLC'S
AND THE PROCTER & GAMBLE COMPANY'S
<u>MOTION TO DISMISS & MEMORANDUM OF LAW</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 2

PROCEDURAL STANDARD ............................................................................................ 4

ARGUMENT ...................................................................................................................... 4

I.      The Complaint Does Not Comply With Basic Pleading Requirements. ........................... 4

II.     The Fraud Claim Should Be Dismissed. .......................................................................... 5

      A.     The Complaint Does Not Allege Any False Representation Or Omission............ 6

      B.     The Complaint Fails To Allege The Knowledge Or Intent Requirements Of A Fraud Claim. ............................................................................................... 9

      C.     The Complaint Fails To Allege Any Duty To Disclose. ...................................... 10

III.    The Multi-State Consumer Protection Claim Should Be Dismissed. ............................... 11

      A.     The "Multi-State" Claim Fails To Comply With Federal Pleading Requirements. ....................................................................................................... 11

      B.     Plaintiffs' Statutory Consumer Protection Claims Fail Under Rule 9(b). ............ 13

IV.    The Unjust Enrichment Claim Should Be Dismissed. ...................................................... 14

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Nestle Purina PetCare Co.*,
    973 F. Supp. 2d 905 (N.D. Ill. 2013) ..........................................................................6

*In re Aluminum Warehousing Antitrust Litig.*,
    833 F.3d 151 (2d Cir. 2016)..............................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................4

*Avedisian v. Mercedes-Benz USA, LLC*,
    43 F. Supp. 3d 1071 (C.D. Cal. 2014) ..........................................................................6

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013) .......................................................................................4, 5

*In re Boeing 737 MAX Pilots Litig.*,
    638 F. Supp. 3d 838 (N.D. Ill. 2022) ..........................................................................9

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) .....................................................................................1, 13

*Bradley v. Hain*,
    2024 WL 4753688 (N.D. Ill. Nov. 8, 2024) ..............................................................5

*Brown v. Auto-Owners Ins. Co.*,
    2022 WL 2442548 (N.D. Ill. June 1, 2022) ................................................................13

*Bush v. Wang Ctr. for the Performing Arts, Inc.*,
    2022 WL 17812937 (D. Mass. Oct. 31, 2022)............................................................7

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ........................................................................................13

*Cardenas v. Abbott Lab'ys*,
    2011 WL 4808166 (N.D. Ill. Oct. 7, 2011)..................................................................7

*Castaneda v. Amazon.com, Inc.*,
    679 F. Supp. 3d 739 (N.D. Ill. 2023) ..........................................................................14

*Cincinnati Life Ins. Co. v. Beyrer*,
    722 F.3d 939 (7th Cir. 2013) ........................................................................................12

*Commonwealth v. Lucas*,
    34 N.E.3d 1242 (Mass. 2015) .....................................................................................6, 9

*Cornielsen v. Infinium Cap. Mgmt., LLC,*
916 F.3d 589 (7th Cir. 2019) ........................................................6, 10

*Costa v. FCA US LLC,*
542 F. Supp. 3d 83 (D. Mass. 2021) ...............................................10, 11

*Erickson v. Bos. Sci. Corp.,*
846 F. Supp. 2d 1085 (C.D. Cal. 2011) ...............................................9

*In re Flonase Antitrust Litig.,*
610 F. Supp. 2d 409 (E.D. Pa. 2009) ..................................................5

*Glasper v. St. James Wellness Rehab & Villas, LLC,*
2023 WL 5830684 (N.D. Ill. Sept. 8, 2023) ........................................6

*Guzman v. Polaris Indus. Inc.,*
49 F.4th 1308 (9th Cir. 2022) ..........................................................15

*Haywood v. Massage Envy Franchising, LLC,*
887 F.3d 329 (7th Cir. 2018) ...........................................................6

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) .........................................................13

*Kohen v. Pac. Inv. Mgmt. Co. LLC,*
571 F.3d 672 (7th Cir. 2009) ..........................................................13

*Kumandan v. Google LLC,*
2022 WL 103551 (N.D. Cal. Jan. 11, 2022) .......................................10, 11

*Lee v. Ohio Educ. Ass'n,*
951 F.3d 386 (6th Cir. 2020) ..........................................................12

*Lim v. The.TV Corp. Int'l,*
121 Cal. Rptr. 2d 333 (Cal. Ct. App. 2002) ........................................6

*Massuda v. Panda Express, Inc.,*
759 F.3d 779 (7th Cir. 2014) ...........................................................5

*Mielle Organics, LLC v. The Individuals, Corps., Ltd. Liab. Cos., P'ships,*
*Unincorporated Assocs. & Others Identified In Complaint "Schedule A",*
No. 1:25-cv-00611 (N.D. Ill. Jan. 17, 2025).........................................3, 8

*Milchtein v. Milwaukee County,*
42 F.4th 814 (7th Cir. 2022) ...........................................................4

*Miller v. Gen. Motors Corp.,*
2003 WL 168626 (N.D. Ill. Jan. 26, 2003) ..........................................5

iii

*Moore v. Pendavinji,*
    --- N.E.3d ---, 2024 WL 4489612 (Ill. App. Ct. Oct. 15, 2024) ...........................................10

*Mulder v. Kohl's Dep't Stores, Inc.,*
    865 F.3d 17 (1st Cir. 2017) ...................................................................................................13

*Napleton's Arlington Heights Motors, Inc. v. FCA US LLC,*
    214 F. Supp. 3d 675 (N.D. Ill. 2016) .....................................................................................9

*Nathan v. Whirlpool Corp.,*
    492 F. Supp. 3d 747 (S.D. Ohio 2020) ...................................................................................5

*Nieto v. Perdue Farms, Inc.,*
    2010 WL 1031691 (N.D. Ill. Mar. 17, 2010) ........................................................................14

*Patenaude v. Orgain, LLC,*
    594 F. Supp. 3d 108 (D. Mass. 2022) .....................................................................................9

*Paulsen v. Abbott Lab'ys,*
    2018 WL 1508532 (N.D. Ill. Mar. 27, 2018) ..........................................................................7

*Pittsfield Dev., LLC v. Travelers Indem. Co.,*
    542 F. Supp. 3d 791 (N.D. Ill. 2021) ...................................................................................14

*Rodi v. S. New England Sch. Of L.,*
    389 F.3d 5 (1st Cir. 2004) ...................................................................................................13

*Rosenstern v. Allergan, Inc.,*
    987 F. Supp. 2d 795 (N.D. Ill. 2013) ...................................................................................10

*Royal Bus. Grp., Inc. v. Realist, Inc.,*
    933 F.2d 1056 (1st Cir. 1991) ................................................................................................6

*Scheibe v. Esupplements, LLC,*
    681 F. Supp. 3d 1101 (S.D. Cal. 2023) .................................................................................14

*Siegel v. Shell Oil Co.,*
    256 F.R.D. 580 (N.D. Ill. 2008) .............................................................................................5

*Slowinski v. BlueTriton Brands,*
    --- F. Supp. 3d ---, 2024 WL 3757097 (N.D. Ill. Aug. 9, 2024) .............................................4

*Stanard v. Nygren,*
    658 F.3d 792 (7th Cir. 2011) ...............................................................................................11

*State Sec. Ins. Co. v. Frank B. Hall & Co.,*
    630 N.E.2d 940 (Ill. App. Ct. 1994) .....................................................................................10

*Taylor v. Am. Chemistry Council*,
   576 F.3d 16 (1st Cir. 2009)...................................................................................10

*Terpin v. AT & T Mobility LLC*,
   118 F.4th 1102 (9th Cir. 2024) .............................................................................10

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st. Cir. 2020)..................................................................................14

*UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ...............................................................7, 9

*Vandenberg v. Brunswick Corp.*,
   90 N.E.3d 1048 (Ill. App. Ct. 2017) .......................................................................6

*Watkins v. Omni Life Sci., Inc.*,
   692 F. Supp. 2d 170 (D. Mass. 2010) ...................................................................14

*Yeftich v. Navistar, Inc.*,
   722 F.3d 911 (7th Cir. 2013) ...................................................................................4

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
   601 F. Supp. 3d 625 (C.D. Cal. 2022) ...............................................................5, 14

**Other Authorities**

*How Much Hair Loss is Normal?*, Healthline,
   https://www.healthline.com/health/how-much-hair-loss-is-normal (last
   accessed Dec. 4, 2024)............................................................................................8

## INTRODUCTION

This lawsuit accuses Mielle and its parent company, The Procter & Gamble Co. ("P&G"), of selling Mielle hair care products and failing to disclose that the products allegedly cause "hair loss" and injuries such as "scalp issues, blistering, and/or sores." Compl. ¶¶ 2–3. These are strong accusations. Because they sound in fraud, they must clear Rule 9(b)'s heightened pleading requirements, which are intended to protect against "the great harm to the reputation of a business firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (cleaned up).

The Complaint—the second asserting these claims filed by Plaintiffs' counsel[1]—falls well short of meeting these high standards. Missing from the Complaint are any factual allegations that support Plaintiffs' conclusory speculation that the products purportedly cause hair loss or any other injuries. The Complaint fails to identify which of the three Plaintiffs (if any) allegedly suffered from hair loss or physical injury. The Complaint also says nothing at all about which products were used or purchased by each Plaintiff, when or how frequently Plaintiffs purchased or used the products, what ingredients they think cause hair loss or other scalp-related injuries or the basis for that belief, the timing or severity of any alleged hair loss or injury, or why they attribute any such loss or injury to use of the products. Those allegations do not satisfy Rule 8, let alone Rule 9(b)'s heightened pleading requirement, and so all of Plaintiffs' claims should be dismissed.

There are numerous other defects with this Complaint. The Complaint impermissibly "lumps" Mielle and P&G together without specifying each company's alleged role, in violation of Rule 8. The Complaint does not say what law applies to the common law fraud and unjust

---

[1] As explained below, Plaintiffs' counsel previously filed identical claims solely on behalf of Plaintiff Gomes, before voluntarily dismissing that case and re-filing this case to add two new plaintiffs to cure an obvious jurisdictional defect in her original complaint.

enrichment claims asserted on behalf of a putative nationwide class, frustrating P&G's ability to respond to the claims.

For these and the other reasons discussed below, the Complaint should be dismissed.

## BACKGROUND

Plaintiff Georgina Gomes, a resident of Massachusetts, first filed a lawsuit on November 21, 2024, against Mielle and its parent company, P&G. *See* Compl. ¶¶ 21, 26–27. Mielle manufactures and sells hair products in retail establishments and online, and in 2023, P&G acquired Mielle. *Id*. ¶¶ 26–27. In December 2024, after P&G and Mielle demonstrated that this Court lacked personal jurisdiction over her claims, Plaintiff Gomes voluntarily dismissed her suit. She re-filed it two days later, this time joined by Plaintiffs Stephanie Williams and Krista Gillette, who are residents of Illinois and California, respectively. *See id*. ¶¶ 21–22.

Plaintiffs' claims concern three hair products: Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil, Mielle Organics Rosemary Mint Strengthening Shampoo, and Mielle Organics Rosemary Mint Strengthening Conditioner (the "Products"). *Id*. ¶ 1. Plaintiffs allege in conclusory fashion that the Products "contain[] ingredients that cause and have caused hair loss and other injuries in its users," "Plaintiffs and/or proposed Class Members have suffered scalp issues, blistering, and/or sores where they used the Products," and "Defendants have misrepresented that the Products are safe [and] failed to disclose that the Products may cause hair loss and other injuries in its users." *Id*. ¶¶ 2–3. Few details are provided.

The Complaint is notable for what it does not allege. While Plaintiffs assert that they "purchased and used the Products for personal use from stores," *id*. ¶¶ 20–22, their complaint does not allege any details about which of the three Products they purchased. Plaintiffs also do not allege any facts about how they used the Products or how frequently they used them. Nor do Plaintiffs allege any facts about their purported hair loss or other alleged injuries. For example,

Plaintiffs do not:

- identify which of the three of them (if any) allegedly suffered hair loss, scalp issues, blistering or sores;

- provide any details about the extent of these alleged injuries or when they occurred;

- specify the timing of the alleged hair loss (or any other injury), its severity, progression, or any facts that would differentiate it from normal every-day hair shedding that people experience on a routine basis; and

- allege what ingredients in the Products they believe cause hair loss or other injuries, or the basis for that belief.

In addition, while Plaintiffs claim to have "reviewed the accompanying labels and disclosures" on the Products, *id*. ¶ 23, they do not identify any specific statements that any one Plaintiff alleges to be false, let alone which Defendant made the statement, when, or where.

Plaintiffs also do not allege where they purchased their products from, or other details that could enable Defendants to confirm that these are genuine P&G products. These details are critical to P&G's ability to have notice of the claims against it and to prepare a defense, because counterfeit Mielle products have been sold in the United States, including in Illinois. Mielle has initiated litigation to stop the improper use of its trademarks and the sale of counterfeit products, including by seeking a temporary restraining order. *See Mielle Organics, LLC v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, Unincorporated Assocs. & Others Identified In Complaint "Schedule A"*, No. 1:25-cv-00611 (N.D. Ill. Jan. 17, 2025).

Relying on these threadbare allegations, Plaintiffs bring claims for fraud and unjust enrichment, but do not specify which state's laws governs those claims. Compl. ¶¶ 44–53, 54–58. Plaintiffs seek to assert these claims on behalf of a putative nationwide class. *Id*. ¶ 33. Via a single

count, Plaintiffs also purport to bring claims under various states' consumer fraud statutes on behalf of themselves and a subclass of members "who purchased the Products for personal or household use in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington within any applicable limitations period." *Id.* ¶¶ 34, 59–71.

## PROCEDURAL STANDARD

"To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for the claim, and it must be facially plausible." *Slowinski v. BlueTriton Brands, Inc.*, --- F. Supp. 3d ---, 2024 WL 3757097, at *4 (N.D. Ill. Aug. 9, 2024) (Seeger, J.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up), and the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

## ARGUMENT

### I. The Complaint Does Not Comply With Basic Pleading Requirements.

The Complaint suffers from several threshold pleading deficiencies warranting dismissal. *First*, the Complaint fails to satisfy Rule 8 because it impermissibly lumps Defendants together without specifying which defendant took which action. Seventh Circuit precedent confirms that "[a]n allegation that a group of defendants is liable without any details about who did what does not state a claim for relief." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022) (cleaned up). That is because "liability is personal" and "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Other than alleging that P&G is Mielle's parent company, *see* Compl. ¶ 29, the

4

Complaint indiscriminately refers exclusively to "Defendants" without differentiation, *see id.* ¶¶ 1, 3–10, 26–27. It does not specify what actions either Defendant is alleged to have taken, and so it fails to satisfy Rule 8. *See Bank of Am.*, 725 F.3d at 818; *see also, e.g.*, *Bradley v. Hain*, 2024 WL 4753688 (N.D. Ill. Nov. 8, 2024) (dismissing claims where defendants' roles in alleged violations were not specified).

*Second*, the Complaint does not say what law governs the fraud and unjust enrichment claims that Plaintiffs assert on behalf of a putative nationwide class. *See* Compl. ¶¶ 44–58. States differ in their approach to these claims. *See Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 584 (N.D. Ill. 2008) (noting that elements of an unjust enrichment claim vary across states); *Miller v. Gen. Motors Corp.*, 2003 WL 168626, at *2 (N.D. Ill. Jan. 26, 2003) (same for fraudulent omission claims). Without knowing what states' laws are at issue, neither Defendants nor this Court can assess whether Plaintiffs have stated a claim. *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 760 (C.D. Cal. 2022) ("Because Plaintiffs must identify which State's or States' law they rely upon and have not done so, their nationwide claims for fraud and unjust enrichment fail."); *Nathan v. Whirlpool Corp.*, 492 F. Supp. 3d 747, 760 (S.D. Ohio 2020) (noting it was "impossible to determine whether [plaintiffs] have stated a plausible claim" where plaintiffs did not identify applicable law); *In re Flonase Antitrust Litig.*, 610 F. Supp. 2d 409, 419 & n.3 (E.D. Pa. 2009) (dismissing unjust enrichment claim for failure to specify applicable law and noting differences across states).

## II.    The Fraud Claim Should Be Dismissed.

To state a fraud claim, Plaintiffs must allege "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from the reliance on the statement.'" *Massuda v. Panda Express, Inc.*, 759 F.3d

779, 783 (7th Cir. 2014) (citation omitted) (interpreting Illinois law); *see also Commonwealth. v. Lucas*, 34 N.E.3d 1242, 1249 (Mass. 2015) (same under Massachusetts law); *Lim v. The.TV Corp. Int'l.*, 121 Cal. Rptr. 2d 333, 339 (Cal. Ct. App. 2002) (same under California law).[2] To the extent Plaintiffs advance a fraudulent omission theory, they must also plausibly allege a duty to disclose. *See, e.g.*, *Vandenberg v. Brunswick Corp.*, 90 N.E.3d 1048, 1056 (Ill. App. Ct. 2017) ("In order to prevail on its claim of fraudulent concealment, [plaintiff] must establish . . . [a] duty to speak."); *Royal Bus. Grp., Inc. v. Realist, Inc.*, 933 F.2d 1056, 1064 (1st Cir. 1991) (same under Massachusetts law); *Avedisian v. Mercedes-Benz USA, LLC*, 43 F. Supp. 3d 1071, 1080 (C.D. Cal. 2014) (cleaned up) (same under California law). Finally, Plaintiffs' fraud claim must comply with Rule 9(b)'s heightened pleading requirement, which requires describing the "who, what, when, where, and how of the circumstances surrounding the fraud." *Glasper v. St. James Wellness Rehab & Villas, LLC*, 2023 WL 5830684, at *4 (N.D. Ill. Sept. 8, 2023) (Seeger, J.) (cleaned up). The Complaint's sparse factual allegations fall far short of the specificity that Rule 9(b) requires.

### A. The Complaint Does Not Allege Any False Representation Or Omission.

Plaintiffs cannot proceed on an affirmative misrepresentation theory because they do not identify any specific statement that they allege to be false, let alone which defendant made the statement, when, or where. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 334 (7th Cir. 2018) (allegations did not satisfy Rule 9(b) where plaintiff did not "cite a specific deceptive representation that caused her to pay for something she did not receive"); *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 599 (7th Cir. 2019) (a "complaint that attributes

---

[2] Notwithstanding Plaintiffs' failure to identify which state's laws governs their claims, Defendants assume for purposes of this motion only that "the laws of the states where each of the plaintiffs reside govern the claims alleged in the complaint [by that plaintiff]", that is, Illinois (Plaintiff Williams), Massachusetts (Plaintiff Gomes), and California (Plaintiff Gillette). *See Adkins v. Nestle Purina PetCare Co.*, 973 F. Supp. 2d 905, 914–15 (N.D. Ill. 2013); *see also* Compl. ¶¶ 20–22.

misrepresentations to all defendants, lumped together for pleading purposes" fails Rule 9(b)'s particularity requirement). Plaintiffs' conclusory allegations that "Defendants have misrepresented that the Products are safe," Compl. ¶¶ 3, 7, 46, do not satisfy Rule 9(b), and courts regularly dismiss fraud claims based on similarly conclusory allegations. *See, e.g.*, *Cardenas v. Abbott Lab'ys*, 2011 WL 4808166, at *5 (N.D. Ill. Oct. 7, 2011) (Rule 9(b) requires stating "facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff must be alleged in detail") (cleaned up); *Bush v. Wang Ctr. for the Performing Arts, Inc.*, 2022 WL 17812937, at *7 (D. Mass. Oct. 31, 2022), *report and recommendation adopted*, 2022 WL 17752129 (D. Mass. Dec. 19, 2022) (dismissing Massachusetts fraud claim where plaintiff did "not allege any particular false statement"); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) (dismissing California fraud claim because "[c]onclusory allegations are insufficient, and facts constituting the fraud must be alleged with specificity").

The Complaint also does not plead with particularity *why* any statement or omission is false. *See, e.g.*, *Paulsen v. Abbott Lab'ys*, 2018 WL 1508532, at *17 (N.D. Ill. Mar. 27, 2018) (failure to plead "who made these statements (other than Defendants, without specifying which Defendant made which statement), where and when these statements were made [or] *how exactly [the product's] safety was misrepresented*" cannot satisfy Rule 9(b)) (emphasis added).

Instead, the Complaint is premised entirely on conclusory allegations that the Products contain unspecified "ingredients that cause and have caused hair loss in its users" and "Plaintiffs and/or proposed Class Members have suffered scalp issues, blistering and/or sores where they used the Products." Compl. ¶¶ 2–3. Other than these conclusory allegations, Plaintiffs have alleged no

details whatsoever about their use of the products or alleged injuries—and certainly no facts that, if taken as true, support the allegations that Mielle or P&G have engaged in fraudulent conduct. The allegations missing about Plaintiffs' own use of the Products include which of the Products they allegedly purchased and used, when they began using the Products, how frequently they use the Products, and whether they complied with the Products' instructions. Plaintiffs also do not identify which of the three of them allegedly suffered from purported hair loss, or any other scalp-related injury, after using the Products. Indeed, Plaintiffs do not assert a claim for physical injury; Plaintiffs allege only that they were injured by their *purchases* of products that "contained ingredients causing hair loss and other injuries or risked causing hair loss and/or other injuries" for which they seek economic damages. *Id*. ¶ 15; *see also* ¶ 26. But Plaintiffs do not specify what ingredients in the Products they believe cause hair loss or other scalp-related injuries or the basis for that belief. There also are no allegations about the purported hair loss or other injuries allegedly suffered by "Plaintiffs and/or proposed Class Members," *id*. ¶ 2, such as the severity, when they began, or whether they have improved after Plaintiffs presumably stopped using the Products. This matters because everyone naturally suffers from some hair loss.[3]

Plaintiffs also do not allege where they purchased the Products, or other facts that would confirm whether the Products are genuine Mielle products. The significance of Rule 9(b)'s heightened pleading standard takes on special importance here, given the sale of counterfeit Mielle products in the United States, including in Illinois. *See Mielle Organics, LLC*, No. 1:25-cv-00611 (N.D. Ill. filed Jan. 17, 2025).

The absence of these allegations dooms Plaintiffs' attempt to plead a causal connection

---

[3] *See, e.g.*, *How Much Hair Loss Is Normal?*, Healthline, https://www.healthline.com/health/how-much-hair-loss-is-normal (last accessed Dec. 4, 2024) (observing that it is normal to lose between 50-100 hairs per day).

between their alleged injuries and their use of the Products, as they must to show there is anything false about how the Products were marketed.  *See, e.g.*, *In re Boeing 737 MAX Pilots Litig.*, 638 F. Supp. 3d 838, 870 (N.D. Ill. 2022) (plaintiffs did not adequately plead the "what" of alleged misrepresentations where plaintiffs pleaded merely that the defendants falsely represented the product could be safely operated and "[t]he complaint include[d] other vague, non-descript statements, alleging that [defendant] represented that the [product] was 'safe'"); *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 114 (D. Mass. 2022) (plaintiff did not plausibly allege falsity of vanilla flavor-related claims where complaint did not include any well-pleaded factual allegations about product's vanilla content); *Erickson v. Bos. Sci. Corp.*, 846 F. Supp. 2d 1085, 1093 (C.D. Cal. 2011) (fraud claim dismissed where plaintiff failed to "allege the specific content" of the alleged misrepresentations or omissions or "where the omitted information should or could have been revealed").

### B. The Complaint Fails To Allege The Knowledge Or Intent Requirements Of A Fraud Claim.

The Complaint also lacks any non-conclusory allegations of knowledge of falsity or intent to deceive.  At most, Plaintiffs speculate that Defendants should have discovered that the Products purportedly cause hair loss through testing, *see* Compl. ¶¶ 8–9, but this is not enough to allege that Defendants had actual knowledge of the purported issues.  Indeed, the Complaint itself acknowledges that Defendants may have acted only "negligently," *id.* ¶ 10, which is insufficient to state a claim for fraud.  *See, e.g.*, *Napleton's Arlington Heights Motors, Inc. v. FCA US LLC*, 214 F. Supp. 3d 675, 692 (N.D. Ill. 2016) (fraud claim under Illinois law requires showing of "intent"); *Commonwealth v. Lucas*, 34 N.E.3d 1242, 1249 (Massachusetts fraud claim requires "knowledge of [] falsity"); *UMG*, 117 F. Supp. 3d at 1109 (elements of fraud claim under California law include "intent" and "knowledge of falsity").  Where a complaint does not plausibly

allege that the defendants knew of the purported falsity at the time of sale, it should be dismissed. *See, e.g.*, *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 806 (N.D. Ill. 2013) ("general allegations" that "[defendant] promoted [product] as a safe treatment . . . even though [defendant] knew that it was not safe" were insufficient to state a claim under Rule 9(b)); *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 102 (D. Mass. 2021) (dismissing fraud claim based only on conclusory allegations that defendant "knew" of product's alleged defects); *Kumandan v. Google LLC*, 2022 WL 103551, at *11 (N.D. Cal. Jan. 11, 2022) (dismissing fraud claim where "Plaintiffs do not adequately allege that [defendant] knew the alleged misrepresentations were false when made").

### C. The Complaint Fails To Allege Any Duty To Disclose.

To the extent Plaintiffs assert a fraudulent omission theory, that theory also fails because the Complaint does not plausibly allege a duty to disclose. *See Cornielsen*, 916 F.3d at 603 (plaintiff did not sufficiently allege duty to disclose where allegations were either legal conclusions or lacked particularity required by 9(b)). A duty to disclose can arise "where the plaintiff and the defendant are in a fiduciary or confidential relationship" and "where the defendant is placed in a position of influence and superiority as a result of the plaintiff's trust and confidence." *Moore v. Pendavinji*, --- N.E.3d ---, 2024 WL 4489612, at *7 (Ill. App. Ct. Oct. 15, 2024); *see also Taylor v. Am. Chemistry Council*, 576 F.3d 16, 31 (1st Cir. 2009) (similar under Massachusetts law); *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1110–11 (9th Cir. 2024) (no duty to disclose under California law where plaintiff failed to allege the existence of a "fiduciary relationship," or that defendant "had exclusive knowledge of material facts not known to plaintiff," or "actively concealed those facts," or made a "partial representation") (cleaned up).

Plaintiffs' only allegations that attempt to establish a duty to disclose are that (1) they were the intended users of the Products, and (2) that Defendants had superior knowledge. *See* Compl. ¶ 47. Neither of those allegations give rise to a duty to disclose. *See, e.g.*, *State Sec. Ins. Co. v.*

*Frank B. Hall & Co.*, 630 N.E.2d 940, 947 (Ill. App. Ct. 1994) (no fiduciary relationship alleged because "[t]he mere fact that business transactions occurred or that a contractual relationship existed is insufficient to support such a finding."); *Costa*, 542 F. Supp. 3d at 102 (dismissing claim because car purchaser did not allege "a fiduciary relationship or anything similar (nor could he plausibly argue that such a relationship existed)" and there was "nothing in the complaint that plausibly suggest[ed] that [defendant] knew about the alleged defects."); *Kumandan*, 2022 WL 103551, at *8, *11 (no duty to disclose where fiduciary relationship did not exist between plaintiff-purchasers and defendant, and plaintiffs failed to plead "(1) exclusive knowledge, (2) active concealment, and (3) partial misrepresentation," and recognizing that "California courts have generally rejected a broad obligation to disclose") (cleaned up). Even if they did, Plaintiffs' allegations of knowledge are fatally conclusory, as explained above. *See supra* at 9–10.

## III. The Multi-State Consumer Protection Claim Should Be Dismissed.

Plaintiffs' third cause of action purports to assert a single claim under multiple states' consumer protection laws. *See* Compl. ¶¶ 59–71. That claim is deficient for several reasons, including failure to comply with Rules 8, 9(b), and 10.

### A. The "Multi-State" Claim Fails To Comply With Federal Pleading Requirements.

As an initial matter, the multi-state claim does not satisfy basic pleading standards set forth in Rules 8 and 10. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count," where doing so "would promote clarity." "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). A complaint that asserts multiple causes of action in a single count violates these rules, as does one

that fails to specify what causes of action are being advanced. For example, the Seventh Circuit affirmed dismissal of a claim asserting multiple causes of action in a single count because it "strikes us as exactly the type of 'kitchen sink approach to pleading' that we have previously found to violate the Federal Rules." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (citation omitted); *see also Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (affirming dismissal under Rules 8 and 10 of single count advancing seven torts and "any other state-law cause of action that offers relief").

Here, the claim purports to be based on the "Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Subclass," which includes California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. Compl. ¶¶ 33 n.1, 61. Plaintiffs imply that other states' laws may come into play later, but they do not say which other statutes may apply. *See id.* ¶ 32 n.1. Defendants cannot reasonably defend themselves against a claim that does not even identify which laws are at issue. Nor do Plaintiffs "connect specific facts or events with the various causes of action [they] asserted" or otherwise explain how their allegations satisfy the elements of the statutes they cite. *Cincinnati Life Ins. Co.*, 722 F.3d at 947; *see also In re Aluminum Warehousing Antitrust Litig.*, 833 F.3d 151, 163 (2d Cir. 2016) (holding that state consumer protection claims should be dismissed when "[t]he complaint does little more than list a couple dozen state statutes in alphabetical order by state, without pleading any of their elements").

Plaintiffs cannot also assert a claim under the laws of any state where they do not reside. Plaintiffs allege only that they made purchases in the states they reside: Illinois, Massachusetts, and California. Compl. ¶¶ 20–22. Absent a connection or nexus to other states, Plaintiffs cannot bring a claim under the consumer protection statutes of those states because Plaintiffs "are not

within the class intended to be protected by" them. *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009); *see also Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at \*2–3 (N.D. Ill. June 1, 2022) (dismissing claims brought under laws of states that plaintiffs had "no connection to").

Moreover, to the extent Plaintiff Gomes advances a claim under Massachusetts' Chapter 93A, that claim also should be dismissed because Plaintiff Gomes did not comply with that statute's pre-suit demand requirement. *See Rodi v. S. New England Sch. Of L.*, 389 F.3d 5, 19 (1st Cir. 2004). Where, as here, a plaintiff fails to allege compliance with the pre-suit demand requirement, that "is sufficient ground to justify dismissal of the Chapter 93A claim." *Id.*

**B.     Plaintiffs' Statutory Consumer Protection Claims Fail Under Rule 9(b).**

The multi-state consumer protection claim fails separately under Rule 9(b), which applies because the claim sounds in fraud. *See, e.g.*, *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (Rule 9(b) applies to claims that sound in fraud, regardless of claim's title). Plaintiffs rely on the same alleged conduct by Defendants to bring their fraud and multi-state consumer protection claims. *See, e.g.*, Compl. ¶¶ 44, 59. They fail to satisfy Rule 9(b) for the same reason. *See, e.g.*, *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 734, 736 (7th Cir. 2014) (dismissing ICFA claim because plaintiff "did not specify when or where he saw the advertisements [or] what exactly the advertisements said"); *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017) (dismissing claim under Chapter 93A that "fell well short of meeting Rule 9(b)'s requirements for allegations sounding in fraud"); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (California Unfair Competition Law claim "grounded in fraud" dismissed because "the pleading of that claim as a *whole* must satisfy the particularity requirement of Rule 9(b)" and "general pleadings alleging [defendant's] intent to conceal" were insufficient) (cleaned up).

13

**IV.     The Unjust Enrichment Claim Should Be Dismissed.**

Plaintiffs' nationwide unjust enrichment claim fails at the outset because they fail to identify which states' laws they rely on to bring this claim. *See e.g.*, *In re ZF-TRW*, 601 F. Supp. 3d at 760. Even if the Complaint did not suffer from this fatal defect, Plaintiffs' claim still fails.

*First*, Plaintiffs' unjust enrichment claim rises, and falls, with their fraud claim. Plaintiffs predicate both claims on the same alleged conduct and fail to satisfy Rule 9(b) for the reasons explained above. Thus, their unjust enrichment claim, which sounds in fraud, must fail as well. *See, e.g., Castaneda v. Amazon.com, Inc.*, 679 F. Supp. 3d 739, 756 (N.D. Ill. 2023) (Seeger, J.) (dismissing standalone unjust enrichment claim and noting that "[a]fter dismissing the other claims in this case [including a fraud claim under ICFA], the unjust enrichment claim is a nonstarter"); *Nieto v. Perdue Farms, Inc.*, 2010 WL 1031691, at *5 (N.D. Ill. Mar. 17, 2010) (unjust enrichment claim that "sounds in fraud" dismissed for failure to "meet the particularity requirements of Rule 9(b)"); *Watkins v. Omni Life Sci., Inc.*, 692 F. Supp. 2d 170, 177–79 (D. Mass. 2010) (where plaintiffs failed to adequately allege fraud under Rule 9(b), unjust enrichment claim "necessarily [fails]" on the same grounds); *Scheibe v. Esupplements, LLC*, 681 F. Supp. 3d 1101, 1116 (S.D. Cal. 2023) (dismissing unjust enrichment claim sounding in fraud for failure to satisfy Rule 9(b)'s heightened pleading requirement).

*Second*, unjust enrichment is an equitable claim that fails because Plaintiffs do not allege that they lack an adequate remedy at law. *See, e.g.*, *Pittsfield Dev., LLC v. Travelers Indem. Co.*, 542 F. Supp. 3d 791, 803 (N.D. Ill. 2021) (Seeger, J.) ("Unjust enrichment is an equitable remedy and requires a showing that there is no adequate remedy at law."). Plaintiffs cannot pursue an unjust enrichment claim because their fraud and statutory consumer protection claims provide adequate legal remedies. *See, e.g.*, *id*. That is true whether or not those legal claims are viable. *See, e.g.*, *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 69 (1st. Cir. 2020) (affirming dismissal

14

because "plaintiffs with an adequate remedy at law cannot maintain a parallel claim for unjust enrichment, even if that remedy is not viable") (cleaned up); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (holding that even time-barred legal claim provided an adequate remedy at law).

## CONCLUSION

For these reasons, the Court should dismiss the Complaint with prejudice.

Dated: February 10, 2025

THE PROCTER & GAMBLE COMPANY

By: /s/ *Andrew Soukup*

Andrew Soukup
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5066
asoukup@cov.com

P. Russell Perdew
Rusty.Perdew@troutman.com
Alyssa Gregory
Alyssa.Gregory@troutman.com
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-1712

*Attorneys for Defendants Mielle Organics*
*LLC and The Procter & Gamble Company*

15