**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| Stephanie Williams, Georgina Gomes, and Krista Gillette, individually and on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) | Judge Seeger |
| | ) | |
| Plaintiffs. | ) | |
| v. | ) | 1:24-cv-12763 |
| | ) | |
| Mielle Organics LLC and The Procter & Gamble Company, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED CLASS ACTION COMPLAINT**

**Now comes** Plaintiffs Stephanie Williams, Georgina Gomes and Krista Gillette ("Plaintiffs") individually and on behalf of themselves and all other similarly situated persons, known and unknown, by her attorneys, and in complaining of the Defendants Mielle Organics LLC ("Mielle") and The Procter & Gamble Company ("P&G") (collectively, "Defendants"), states as follows:

**NATURE OF THE ACTION**

1.      This is a class action lawsuit regarding Defendants' manufacturing, distribution, and sale of Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil, Mielle Organics Rosemary Mint Strengthening Shampoo, and Mielle Organics Rosemary Mint Strengthening Conditioner (cumulatively "the Products").

2.      The Products contains ingredients that cause and have caused hair loss and other injuries in its users, including Plaintiffs and those in the Proposed Class Members.   In addition, Plaintiffs and/or proposed Class Members have suffered scalp issues, blistering, and/or sores where they used the Products.

3.      Defendants have misrepresented that the Products are safe and effective; Defendants have failed to disclose that the Products may cause hair loss and other injuries in its users.

## PARTIES

4.     Plaintiff Stephanie Williams is a resident of Chicago, Illinois, and is a citizen of Illinois. She purchased and used the Products for personal use from stores in this District, in Illinois.

5.      Plaintiff Georgina Gomes is a resident of Stoughton, Massachusetts, and is a citizen of Massachusetts.  She purchased and used the Products for personal use in Massachusetts.

6.     Plaintiff Krista Gillette is a resident of San Francisco, California, and is a citizen of California. She purchased and used the Products for personal use from stores in California.

7.     When purchasing the Products, Plaintiffs reviewed the accompanying labels and disclosures, and understood them as representations and warranties by Defendants that the Products were properly manufactured, free from defects, and safe for their intended use.

8.     Plaintiffs relied on these representations and warranties in deciding to purchase the Products manufactured and sold by Defendants, and these representations and warranties were part of the basis of the bargain, in that they would not have purchased the Products from Defendants if they had known that they were not, in fact, properly manufactured, free from defects, and safe for their intended use.

9.     The Products Plaintiffs purchased were in fact improperly manufactured, defective, and /or not safe for its intended use.

10.     Plaintiffs were injured in that they purchased the unsafe Products, causing hair loss and/or other injuries, and therefore the Products was worthless.

11.     Plaintiffs were deceived by Defendants' representations and omissions regarding the safety and utility of the Products.

12.     Defendant Mielle is a Delaware limited liability company. Defendant Mielle manufactures, markets, and sells the Products throughout the State of Illinois and the United States, including in both retail establishments and online.

13.     Defendant P&G is an Ohio corporation with its principal place of business located in Ohio. In 2023, Defendant P&G purchased Defendant Mielle and began to manufacture, market, and sell the Products throughout the State of Illinois and the United States, including in both retail establishments and online.

## JURISIDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendants, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendants in that they sell and market the Products in this District.  Plaintiff Stephanie Williams purchased one or more of the Products in this District and was injured as a result of using one or more of the Products in this District.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, Defendants have marketed, advertised, and sold the Products in this District, and Defendants have caused harm to Plaintiff Stephanie Williams and Class Members in this District.

## Plaintiffs' Use of the Products

17.     Plaintiff Stephanie Williams began using the Products between the years of 2017 and 2019, and stopped using the Products in March of 2024.  She purchased the Products directly from Defendants' website, from Target, and from Walmart in Cook County, Illinois.

18.     Plaintiff Krista Gillette began using Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil in June 2024 and stopped using it in July 2024.  She purchased it directly from Walgreens in California.

19.     Plaintiff Georgina Gomes began using the Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil in 2023 and stopped using the product in September 2023.  She purchased the Hair Oil from Walgreens in Massachusetts.

**Defendants' Statements related to their Products**

**Hair Oil**

20.     Attached as Exhibit A are true and accurate photos of a bottle of Mielle Organics Rosemary Mint Scalp & Strengthening Hair Oil ("Hair Oil"); Ex. A is incorporated herein.

21.     Defendants stated to consumers who used their Hair Oil that:

- the product "Encourages Longer, Healthier Hair";

- the product's use was "For: Daily Use…Scalp Treatment";

- the product was a "Scalp & Hair Strengthening Oil";

- the product was "Infused with Rosemary, Mint, and Biotin to invigorate the hair and scalp to encourage healthier, stronger, longer hair…"

- the product was "Great for hair of all types and textures…"

- the product "Helps improve length retention";

- the product "Conditions dry scalp";

- the product "Nourishes hair & scalp".

(referred to herein as "the Hair Oil Statements").  Ex. A.

22.     Defendants' Hair Oil Statements were present on the product's bottle when the Plaintiffs and proposed class(es) purchased the Hair Oil.

23.     Defendants' Hair Oil Statements are false in that:

- the product did not encourage healthier, stronger, or longer hair for Plaintiffs and members of the proposed class(es);

- the product did not provide any "scalp treatment" for the Plaintiffs and members of the proposed class(es);

- the product's did not strengthen the scalp or hair for the Plaintiffs and members of the proposed class(es);

- the product did not invigorate the hair or scalp for the Plaintiffs and members of the proposed class(es);

- the product was not great for the type and texture of hair of the Plaintiffs and members of the proposed class(es);

- the product did not improve length retention for the hair of the Plaintiffs and members of the proposed class(es);

- the product did not condition dry scalps of the Plaintiffs and members of the proposed class(es);

- the product did not nourish hair & scalp of the Plaintiffs and members of the proposed class(es).

24.     Defendants intended Plaintiffs and the proposed classes to rely on the false Hair Oil Statements when they purchased and used Defendants' Hair Oil.

25.     Defendants' Hair Oil did not inform Plaintiffs and members of the proposed class(es) that their Hair Oil product could cause hair loss, blistering of the scalp, change in hair texture and quality, and/or other injuries as a result of its use.

**Shampoo**

26.     Attached as Exhibit B are true and accurate photos of a bottle of Mielle Organics Rosemary Mint Strengthening Shampoo ("Shampoo"); Ex. B is incorporated herein.

27.     Defendants stated to consumers who used their Shampoo that:

- the product "Encourages Longer, Healthier Hair";

- the product was a "Strengthening Shampoo";

- the product would "Instantly nourish and cleanse dry, weak, brittle hair…"

- the product was created by a registered nurse in order "to achieve amazing results";

- "The result is a brand that delivers to you natural and effective products."

(referred to herein as "the Shampoo Statements"). Ex. B.

28.     Defendants' Shampoo Statements were present on the product's bottle when the Plaintiffs and proposed class(es) purchased the Shampoo.

29.     Defendants' Shampoo Statements are false in that:

- the product did not encourage healthier or longer hair for Plaintiffs and members of the proposed class(es);

- the product did not strengthen the hair of the Plaintiffs and members of the proposed class(es);

- the product did not nourish the hair of the Plaintiffs and members of the proposed class(es);

- Plaintiffs and members of the proposed class(es) did not achieve amazing results through use of the Shampoo; and

- The product was not effective for the  Plaintiffs and members of the proposed class(es).

30.     Defendants intended Plaintiffs and the proposed classes to rely on the false Shampoo Statements when they purchased and used Defendants' Shampoo.

31.     Defendants' Shampoo did not inform Plaintiffs and members of the proposed class(es) that their Shampoo product could cause hair loss, blistering of the scalp, change in hair texture and quality, and/or other injuries as a result of its use.

**Conditioner**

32.     Attached as Exhibit C are true and accurate photos of a bottle of Mielle Organics Rosemary Mint Strengthening Conditioner ("Conditioner"); Ex. C is incorporated herein.

33.     Defendants stated to consumers who used their Conditioner that:

- the product "Encourages Longer, Healthier Hair";

- the product was a "Strengthening Conditioner";

- the product would "improve the overall condition of the hair and scalp."

- the product was created by a registered nurse in order "to achieve amazing results";

- "The result is a brand that delivers to you natural and effective products."

(referred to herein as "the Shampoo Statements").  Ex. C.

34.     Defendants' Conditioner Statements were present on the product's bottles when the Plaintiffs and proposed class(es) purchased the Conditioner.

35.     Defendants' Conditioner Statements are false in that:

- the product did not encourage healthier or longer hair for Plaintiffs and members of the proposed class(es);

- the product did not strengthen the hair of the Plaintiffs and members of the proposed class(es);

- the product did not improve the overall condition of the hair and scalp of the Plaintiffs and members of the proposed class(es);

- Plaintiffs and members of the proposed class(es) did not achieve amazing results through use of the Shampoo; and

- The product was not effective for the  Plaintiffs and members of the proposed class(es).

36.     Defendants intended Plaintiffs and the proposed classes to rely on the false Conditioner Statements when they purchased and used Defendants' Conditioner.

37.     Defendants' Conditioner did not inform Plaintiffs and members of the proposed class(es) that their Shampoo product could cause hair loss, blistering of the scalp, change in hair texture and quality, and/or other injuries as a result of its use.

**Further Allegations**

38.     Instead of lengthening, strengthening, or improving the overall condition of Plaintiffs' and the proposed class(es)'s hair and scalp, Defendants' Products caused hair loss, blistering of the scalp, change in hair texture and quality, and/or other injuries.

39.     Defendants' Hair Oil did not improve length retention for the hair of the Plaintiffs and members of the proposed class(es); quite the opposite, it caused them to suffer hair loss.

40.      Defendants' Hair Oil did not condition or nourish the scalps of the Plaintiffs and members of the proposed class(es); it caused them to suffer blistering on the scalp, itchiness, and discomfort.

41.     Defendants did not adequately disclose the risks in their Products of hair loss and other injuries on the Products' labeling, advertising, marketing, or sale of the Products.

42.     Plaintiffs and proposed Class Members would not have purchased the Products had Defendants disclosed that the Products contained ingredients that could cause hair loss and other injuries if used.

43.     As a manufacturer, distributor, and seller of cosmetic products, Defendants have a duty to ensure its Products did not contain ingredients that would cause hair loss and other injuries in their consumers. Defendants made no reasonable effort to test its Products to ensure that the Products would not cause hair loss or other injuries.

44.     Defendants did not disclose to Plaintiffs or proposed Class Members in any advertising, labeling, packaging, or marketing that its Products carried risks of causing hair loss or other injuries.

45.     To the contrary, Defendants represented and warranted, expressly and impliedly, that the Products were safe and effective for their intended use, were of merchantable quality, and complied with federal and state law.

46.     If Defendants had fulfilled their quality assurance obligations, Defendants would have identified the presence of ingredients in the Products that caused hair loss and other injuries in its users.

47.     If Defendants adequately tested the Products, they would have discovered the Products contained ingredients that cause hair loss, making the Products ineligible for distribution, marketing, and sale.

48.     Accordingly, Defendants knowingly, or at least negligently, introduced harmful and/or misbranded Products into the U.S. market.

49.     When Plaintiffs purchased Defendants' Products, Plaintiffs did not know, and had no reason to know, that Defendants' Products were harmful and/or misbranded and thus improper to sell as set forth herein.

50.     Plaintiffs would not have purchased Defendants' Products had they known the Products contained ingredients causing hair loss and other injuries or risked causing hair loss or other injuries.

51.     No reasonable consumer would have paid any amount for cosmetic products that contained ingredients causing hair loss and other injuries or containing a high risk of causing hair loss or other injuries.

52.     Thus, if Plaintiffs and Class Members had been informed that Defendants' Products contained ingredients causing hair loss and other injuries or risked causing hair loss or other injuries, they would not have purchased or used the Products at all, making such omitted facts material to them.

53.     Plaintiffs and Class Members were injured by the full purchase price of the Products because the Products are worthless, as they contained ingredients causing hair loss and other injuries or risked causing hair loss and/or other injuries.

54.     Further, Plaintiffs and Class Members bargained for Products free of ingredients causing hair loss and other injuries or risked causing hair loss or other injuries.  They were deprived the basis of their bargain when Defendants manufactured and sold them the Products containing or at risk of containing ingredients causing hair loss and other injuries.

55.     Had Defendants not misrepresented that the Products were safe and effective and/or had Defendants not failed to disclose that the Products contained or were at risk of causing hair loss and other injuries or risked causing such injuries, Plaintiffs and Class Members would not have purchased the Products.

56.     Plaintiffs and Class Members are entitled to damages for the monies paid to purchase the Products, both economic and non-economic, statutory and punitive damages, attorneys' fees and costs, and injunctive relief.

57.     Plaintiffs bring this action on behalf of themselves and the Class Members for equitable relief and to recover damages and restitution for: (i) fraud; (ii) unjust enrichment, and (iii) violations of state consumer fraud acts.

**CLASS ACTION ALLEGATIONS**

58.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Products for personal or household use within any applicable limitations period (the "Fraud Class").

59.     Plaintiffs also seek to represent the following subclasses:

> all Class Members who purchased the Products for personal or household use in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington within any applicable limitations period (the "Consumer Fraud Multi-State Subclass")[1];

> All Class Members who purchased the Products for personal or household use in Illinois within any applicable limitations period (the "Illinois Consumer Fraud Subclass"); and

> All Class Members who purchased the Products for personal or household use in California within any applicable limitations period (the "California Consumer Fraud Subclass").

60.     The Class and Subclasses are collectively referred to as the "Classes."

61.     Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Classes may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

---

[1] While discovery may alter the following, the states in the Consumer Fraud Multi-State Class are limited to those states with similar consumer fraud laws under the facts of this case: California (Cal. Bus. & Prof. Code § 17200, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 Ill. Comp. Stat. 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. § 407.010, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New York (N.Y. Gen. Bus. Law §§ 349 and 350); and Washington (Wash. Rev. Code § 19.86.010, et seq.).

62. Specifically excluded from the Classes are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

63. **Numerosity.** The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiffs reasonably estimate that there are thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members are unknown to Plaintiffs, the true number of members of the Classes are known by Defendants. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution and sales records of Defendants and third-party retailers and vendors.

64. **Typicality.** The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs, like all members of the Classes, purchased the Products, which were worthless due to their unsafe nature. The representative Plaintiffs, like all members of the Classes, have been damaged by Defendants' misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendants' misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

65. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendants knew or should have known the Products caused or were at risk of causing hair loss and other injuries prior to selling them, thereby constituting fraud and/or fraudulent concealment;

(b)     whether Defendants are liable to Plaintiffs and the Classes for unjust enrichment;

(c)     whether Defendants are liable to Plaintiffs and the Classes for fraud;

(d)     whether Plaintiffs and the Classes have sustained monetary loss and the proper measure of that loss;

(e)     whether Plaintiffs and the Classes are entitled to declaratory and injunctive relief;

(f)     whether Plaintiffs and the Classes are entitled to restitution and disgorgement from Defendants; and

(g)     whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive.

(h)     whether the Products causes hair loss and other injuries in its users.

66.     **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained counsel who are highly experienced in consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Classes. Plaintiffs have no interests that are antagonistic to those of the Classes.

67.     **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Classes are relatively small compared to the burden and expense of individual litigation of their claims against Defendants. It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or

contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

68.     In the alternative, the Classes may be certified because:

(a)     the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants;

(b)     the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede her ability to protect her interests; and/or

(c)     Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I – Fraud - (On Behalf of Plaintiffs and the Classes)

69.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

70.     Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

71.     The Hair Oil Statements, Shampoo Statements, and the Conditioner Statements are material factual misrepresentations as to the effectiveness and quality of the Products.

72.     Defendants possessed superior knowledge of the Products' effectiveness and risks than Plaintiffs and the Class Members, having manufactured them and having tested them for safety before distributing them to consumers.

73.     Defendants had access to certain material facts, including the results of any testing on the Products and any complaints from consumers relating to injuries from the use of the Products; Plaintiffs and the Class Members did not have access to such material facts.

74.     Alternatively to being outright misrepresentations, the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements minimally are half-truths, in that all of the Statements in that they only represent the potential positive outcomes of the use of the Products without stating the risks of injuries associated with their use.

75.     Defendants made fraudulent misrepresentations and/or omissions to Plaintiffs and members of the Classes regarding the Products, specifically that the Products were effective, encouraged longer, healthier hair, would nourish and treat their scalps.

76.     Defendants also materially omitted facts from Plaintiffs and the Classes, including that the Products in fact would cause hair loss and other injuries or carried a significant risk that hair loss and other injuries would occur.

77.     Defendants had a duty to disclose material facts to Plaintiffs and the Classes given that Plaintiffs and the Classes were the intended users of the Products. Defendants also had a duty to disclose material facts to Plaintiffs and the Classes, namely that it was in fact manufacturing, distributing, and selling harmful Products unfit for human use, because Defendants had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

78.     Defendants knew or should have known that the Products contained ingredients that would cause hair loss and other injuries or carried a risk that the Products would cause hair loss or other injuries, but continued to manufacture, distribute, and sell them nonetheless. During this

time, Plaintiffs and Class Members were using the Products without knowledge that the Products contained ingredients that would cause hair loss and/or other injuries or carried a risk that the Products would cause hair loss or other injuries.

79.     Defendants failed to discharge their duty to disclose these material facts.

80.     In so failing to disclose these material facts to Plaintiffs and the Classes, Defendants intended to hide from Plaintiffs and the Classes that they were purchasing and using the Products with harmful defects that were unsafe, and thus acted with scienter and/or an intent to defraud.

81.     Defendants made the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements with knowledge of their falsity, or minimally with a reckless disregard whether such Statements were true or false.

82.     Defendants made the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements to Plaintiffs and the Class Members with the intent that they rely on such Statements.

83.     Plaintiffs and the Class Members reasonably relied on Defendants' the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements and their failure to disclose insofar as they would not have purchased the defective Products manufactured and sold by Defendants had they known the Products were unsafe.

84.     As a direct and proximate cause of Defendants' fraudulent concealment and material misrepresentations, Plaintiffs and the Classes suffered damages in the amount of monies paid for the defective Products.

85.     As a result of Defendants' willful and malicious conduct, punitive damages are warranted.

        **WHEREFORE**, Plaintiffs respectfully request, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)     For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

## COUNT II - Violation of State Consumer Fraud Acts

### (On Behalf of Plaintiffs and the Consumer Fraud Multi-State Subclass)

86.     Plaintiffs incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

87.     Plaintiffs bring this claim individually and on behalf of the members of the Consumer Fraud Multi-State Subclass against Defendants.

88.     The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Subclass prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

89.     Plaintiffs and Consumer Fraud Multi-State Subclass Members have standing to pursue a cause of action for violation of the Consumer Fraud Acts of the states in the Consumer Fraud

Multi-State Subclass because Plaintiffs and Consumer Fraud Multi-State Subclass Members have suffered an injury in fact and lost money as a result of Defendants' actions set forth herein.

90. Defendants engaged in unfair conduct, including: 1) selling the Products while knowing or while being on notice that the Products was unsafe and 2) by misrepresenting the effectiveness and use of the Products, as stated in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements

91. Defendants engaged in deceptive conduct in: 1) misrepresenting that the Products did not cause hair loss and other injuries or did not risk causing hair loss or other injuries and 2) making the misrepresentations contained in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements.

92. Defendants intended that Plaintiffs and Consumer Fraud Multi-State Subclass Members would rely upon their unfair and deceptive conduct and a reasonable person would in fact be misled by the deceptive conduct described above.

93. Given Defendants' position in the health and beauty market as an industry leader, Plaintiffs and reasonable consumers trusted and relied on Defendants' representations and omissions regarding the safety of the Products.

94. As a result of Defendants' use or employment of unfair or deceptive acts or business practices, Plaintiffs and Consumer Fraud Multi-State Subclass Members have sustained damages in an amount to be proven at trial.

95. In addition, Defendants' conduct violates numerous public policies, including but not limited to prohibitions on false or misleading advertising and labeling of consumer products.

96. Defendants' conduct is immoral, unethical, oppressive, or unscrupulous because they are profiting off of Plaintiffs, members of the proposed class, and other consumers, through false or misleading advertising and labeling of their products.

97.     Defendants' conduct has caused substantial injury to Plaintiffs, including but not limited to the loss of monies paid for products that were gained through deceptive or unfair advertising or labeling of Defendants' products.

98.     In addition, Defendants' conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiffs respectfully request, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)     For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

### COUNT III - Violation of Illinois Consumer Fraud And
### Deceptive Business Practices Act 815 ILCS 505/1, *et. seq.* – Deceptive Practices
### (On Behalf of Plaintiff Stephanie Williams and the Illinois Consumer Fraud Subclass)

99.     Plaintiff Stephanie Williams adopts and incorporates by reference Paragraphs 1 through 68 as if set forth in full herein for Paragraph 99.

100. Defendants have engaged in a deceptive act by making misrepresentations on the labels as presented in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements.

101. The deceptive acts committed by Defendants occurred in a course of trade and/or commerce. Specifically, Defendant sold the Products to Plaintiff Stephanie Williams and members of the Illinois Consumer Fraud Subclass through both online retailers such as amazon, and brick and mortar stores such as Walgreens or CVS, and directly to consumers.

102. Defendants intended that Plaintiff Stephanie Williams and members of the Illinois Consumer Fraud Subclass rely upon the misrepresentations presented in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements.

103. Specifically, Defendants marketed the Products through their misrepresentations on the bottles to encourage Plaintiff Stephanie William and members of the Illinois Consumer Fraud Subclass to purchase Defendants' Products.

104. Plaintiff Stephanie William and members of the Illinois Consumer Fraud Subclass suffered actual damages as a direct and proximate result of Defendants' deceptive conduct in that they: (i) spent money to purchase a defective product that did not work as advertised; and (ii) they suffered hair loss or thinning, contrary to the products' promises of "strengthening" hair and promoting hair growth, and suffering damage to their scalp.

**WHEREFORE**, Plaintiff Stephanie Williams respectfully requests, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)      For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)      For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)      For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)      For prejudgment interest on all amounts awarded;

(f)      For an order of restitution and all other forms of equitable monetary relief;

(g)      For injunctive relief as pleaded or as the Court may deem proper; and

(h)      For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

**COUNT IV - Violation of Illinois Consumer Fraud And**
**Deceptive Business Practices Act 815 ILCS 505/1, *et. seq.* – Unfair Practices**
**(On Behalf of Plaintiff Stephanie Williams and the Illinois Consumer Fraud Subclass)**

105.     Plaintiff Stephanie Williams adopts and incorporates by reference Paragraphs 99 through 104 as if set forth in full herein for Paragraph 105.

106.     Defendants have engaged in unfair conduct for years by marketing and selling the Products when the products do not provide the services and outcomes as advertised, and in fact they have damaged the hair and scalp of Plaintiff Stephanie Williams and the members of the Illinois Consumer Fraud Subclass.

107.     Defendants' practices of marketing and selling the Products offends public policy because consumers should be entitled to receive truthful labeling on the products they purchase, should receive all material facts related to the products they purchase, and the products should provide the services as advertised.

108.     Defendants' conduct is immoral, unethical, oppressive, and/or unscrupulous.  Through the years, Defendants have received or become aware of numerous complaints, both directly and

through social media, that the Products have been damaging the hair and scalp of thousands of users. However, despite possessing this knowledge, Defendants continue to sell and market the Products to unsuspecting consumers.

109. Defendants' conduct has caused substantial injury to consumers. Consumers have paid monies to Defendants in exchange for purchasing the defective Products, and they have also suffered hair loss, scalp damage, and other ailments.

**WHEREFORE**, Plaintiff Stephanie Williams respectfully requests, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a)    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)    For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)    For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)    For prejudgment interest on all amounts awarded;

(f)    For an order of restitution and all other forms of equitable monetary relief;

(g)    For injunctive relief as pleaded or as the Court may deem proper; and

(h)    For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

**COUNT V - Violation of California Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200, *et. seq.* and the FAL
(On Behalf of Plaintiff Krista Gillette and the California Consumer Fraud Subclass)**

110.    Plaintiff Krista Gillette adopts and incorporates by reference Paragraphs 1 through 98 and as if set forth in full herein for Paragraph 110.

111.    California's False Advertising Law (the "FAL") prohibits a person, with the intent to dispose of property or perform services, from publicly disseminating advertising concerning such property or services that is untrue or misleading when the defendant knew, or reasonably should have known, that the advertising was untrue or misleading.  Cal. Bus. & Prof. Code, § 17500, *et seq.*

112.    Defendants sold one or more of the Products to Plaintiff Krista Gillette and members of the California Consumer Fraud Subclass through both online retailers such as amazon, brick and mortar stores such as Walgreens or CVS, and directly to consumers.

113.    Defendants' business practices are fraudulent and/or deceptive because they are likely to deceive the public.  The subject products are marketed and advertised for strengthening hair, encouraging hair growth, retaining hair length, and for treating the scalp, when in fact they cause hair loss, scalp damage, and/or other ailments.

114.    Defendants' Hair Oil Statements, Shampoo Statements, and the Conditioner Statements were publicly disseminated and intended to advertise the Products' use and effectiveness.

115.    Defendants' Hair Oil Statements, Shampoo Statements, and the Conditioner Statements are untrue.

116.    Defendants' Hair Oil Statements, Shampoo Statements, and the Conditioner Statements are also misleading, or had a capacity, likelihood, or tendency to deceive or confuse the public, in that they discuss the effectiveness and expected results of the Products without disclosing the risks of hair loss, scalp damage, and other injuries.

23

117. Defendants knew, or reasonably should have known, that the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements were untrue

118. Defendants knew, or reasonably should have known, that omitting the risks of hair loss, scalp damage, or other injuries associated with the Products was misleading to consumers.

119. As a result of Defendants' conduct, they violated the FAL.

120. Defendants' conduct in falsely advertising its Products and omitting material facts is an unlawful, unfair, and/or fraudulent business act or practice.

121. In violating the FAL, Defendants also violated California's Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200, *et seq* ("the UCL").

122. Plaintiff Krista Gillette and members of the California Consumer Fraud Subclass suffered a loss of money as a result of Defendants' violations of the FAL and the UCL in that they paid money for a defective product, relied on Defendants' misrepresentations and omissions, and Defendant has not refunded said monies.

**WHEREFORE**, Plaintiff Krista Gillette respectfully requests, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c) For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

**COUNT VI - Violation of California Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200, *et. seq* and Fraud
(On Behalf of Plaintiff Krista Gillette and the California Consumer Fraud Subclass)**

123.    Plaintiff Krista Gillette adopts and incorporates by reference Paragraphs 98 through 110 as if set forth in full herein for Paragraph 123.

124.    Defendants committed unlawful business acts by presenting the false statements contained in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements and by omitting the material fact that the use of the Products could cause hair loss, scalp damage, and other injuries in connection with selling the Products.

125.    Defendants' conduct was likely to, and in fact did, deceive members of the public.

126.    Consumers were likely to be deceived by Defendants' conduct.

127.    Defendants' misrepresentations and omissions were material and were a substantial factor in Plaintiff's and the Class's decision to purchase the Products.

128.    Plaintiff and the Class relied on Defendants' fraudulent business acts in determining whether to purchase Defendants' Products.

129.    Defendants committed unfair business acts by presenting the false statements contained in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements and by omitting the material fact that the use of the Products could cause hair loss, scalp damage, and other injuries in connection with selling the Products.

130.    As a result, Defendants also violated the UCL.

25

131.    Plaintiff Krista Gillette and members of the California Consumer Fraud Subclass suffered a loss of money as a result of Defendants' deceptive and fraudulent conduct in that they paid money for a defective product, and Defendants hae not refunded said monies despite the fact that they have actual knowledge that the Products are defective.

**WHEREFORE**, Plaintiff Krista Gillette respectfully requests, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a)    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as the representative for the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)    For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)    For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)    For prejudgment interest on all amounts awarded;

(f)    For an order of restitution and all other forms of equitable monetary relief;

(g)    For injunctive relief as pleaded or as the Court may deem proper; and

(h)    For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

**COUNT VII - Unjust Enrichment - (On Behalf of Plaintiffs and the Classes)**

132.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

133.     Plaintiffs bring this claim individually and on behalf of the Class Members against Defendants.

134.     Plaintiffs and the Class Members conferred a benefit on Defendants in the form of monies paid to purchase Defendants' defective Products.

135.     Defendants voluntarily accepted and retained this benefit.

136.     Because this benefit was obtained unlawfully, namely: 1) by selling and accepting compensation for Products unfit for safe use; 2) by misrepresenting the effectiveness of the Products as contained in the Hair Oil Statements, Shampoo Statements, and the Conditioner Statements; and 3) by failing to disclose the material facts of the risks of hair loss, scalp damage, and other injuries related to the use of the Products, it would be unjust and inequitable for Defendants to retain the benefit without paying the value thereof.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request, individually and on behalf of the alleged Class Members, that the Court enter judgment in their favor and against Defendants as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiffs as the representative for the Classes, and naming Plaintiffs' attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendants' conduct violates the causes of action referenced herein;

(c)     For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

27

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes her reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

_____ s/   James M. Dore_____

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Avenue, #300
Chicago, IL. 60646
P: 773-415-4898
E: james@dorelawoffices.com; danschlade@gmail.com